NOT DESIGNATED FOR PUBLICATION

Nos. 117,815
117,816

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICIA MICHELLE ROBBINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed March 9, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Patricia Michelle Robbins appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentences in two separate cases. We granted Robbins' motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed a response and requested that the district court's judgment be affirmed.

In 16CR22, Robbins was convicted of one count of interference with a law enforcement officer. On November 18, 2016, the district court sentenced Robbins to 16 months' imprisonment but granted a dispositional departure to probation for 12 months.

1

In 16CR464, Robbins was convicted of one count of criminal threat. On July 27, 2016, the district court sentenced Robbins to 15 months' imprisonment but granted a dispositional departure to probation for 12 months.

On April 20, 2017, the State filed a motion to revoke probation in both cases alleging that Robbins had failed to report to her intensive supervision officer (ISO) as directed, failed to refrain from possessing or consuming drugs and alcohol, failed to submit to urinalysis, failed to keep her ISO advised of her address and phone number, failed to complete a mental health assessment, and failed to complete substance abuse treatment. The motion also specifically alleged that Robbins was an absconder.

At a hearing on May 2, 2017, Tonda McGrath, Robbins' ISO, testified to support the alleged probation violations. McGrath testified that Robbins had failed to report for over 60 days and that McGrath had completely lost contact with Robbins despite numerous attempts to try to locate her. After hearing the evidence, the district court found that Robbins was in violation of her probation on all the grounds set forth in the motion to revoke. The district court specifically found that Robbins had absconded while on probation. Based on these findings, the district court revoked Robbins' probation in each case and ordered her to serve her underlying prison sentences. Robbins timely appealed.

On appeal, Robbins claims the district court "erred by revoking probation and ordering service of the prison sentence[s] without imposing an intermediate sanction." However, Robbins acknowledges that under K.S.A. 2017 Supp. 22-3716(c)(9)(B), the district court may revoke probation without having previously imposed an intermediate sanction if the probation originally was granted as a dispositional departure, even though the district court did not rely on this provision in revoking Robbins' probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions

2

of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2017 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(D). Pursuant to K.S.A. 2017 Supp. 22-3716(c)(8)(B), the court may revoke probation without having previously imposed an intermediate sanction if the offender absconds from supervision while on probation.

Here, the district court revoked Robbins' probation on numerous grounds and found that she had absconded from supervision while on probation. Robbins does not challenge the sufficiency of the evidence supporting the absconder finding. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Based on the absconder finding, the district court was not required to impose an intermediate sanction in this instance. The district court's decision to revoke Robbins' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Robbins has failed to show that the district court abused its discretion by revoking her probation and ordering her to serve her prison sentences.

Affirmed.